AO 72A
(Rev. 8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 AUG 13 A 11: 30
CLERK_____
SO. DIST. OF GA.

JAMES BURLEY,

    Plaintiff,

v.

ROBERT BERRY,

    Defendant.

CIVIL ACTION NO.: CV512-105

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed this cause of action pursuant to 42 U.S.C. § 1983. Presently before the Court is the Defendant's Motion to Dismiss for want of prosecution pursuant to FED. R. CIV. P. 41(b). (Doc. No. 17).[1] Plaintiff has not filed a response to Defendant's Motion.

In this Motion, Defendant contends that Plaintiff's Complaint should be dismissed based on Plaintiff's failure to prosecute his case and his failure to follow the orders of this Court. Defendant asserts that Plaintiff failed to follow an October 1, 2012, Order from this Court which instructed:

> [w]hile this action is pending, the Plaintiff shall immediately inform this Court in writing of any change of address. Failure to do so will result in dismissal of this case, without prejudice.

---

[1] "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b).

(Doc. No. 17, p. 3) (quoting Doc. No. 3, p. 3). Plaintiff was reminded of this duty again on two more occasions in orders from this Court. (Doc. No. 8, p. 4; Doc. No. 9, p. 4) ("Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of the case."). Defendant submits that Plaintiff's current address on record is Hays State Prison, but, he has not been incarcerated at Hays State Prison since January 15, 2013. (Doc. No. 17, p. 4; Doc. No. 17-1). In addition, Defendant demonstrates that Plaintiff has not initiated or participated in the discovery process, nor has Plaintiff filed any motion with the Court since November 13, 2012. (Id.).

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43, (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing FED. R. CIV. P. 41(b)). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte*, or on motion of any party, dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." S.D. Ga. L.R. 41.1(c).

Plaintiff's failure to provide the Court with an address amounts not only to a failure to prosecute, but an abandonment of his case. This Court specifically ordered Plaintiff to file objections to Defendant's motion for dismissal, or to otherwise inform the

AO 72A
(Rev. 8/82)

Court of his decision not to object to Defendant's motion within twenty-one (21) days of an Order dated July 2, 2013. (Doc. No. 19). In addition, this Court explicitly warned Plaintiff on three occasions that his failure to immediately inform the Court of any change of address while this action is pending would result in dismissal of his case. Plaintiff has filed nothing with the Court since November 2012.

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's claims against Defendant be **DISMISSED** without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 13th day of August, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)